UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
SHAOLIN MOORE,

                    Plaintiff,

      -v-                            5:20-CV-1641

CITY OF SYRACUSE, POLICE
OFFICER CHRISTOPHER BUSKE,
POLICE OFFICER LEONARD BROWN,
and LIEUTENANT GENO TURO,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                OF COUNSEL:

LAW OFFICES OF            CHARLES A. BONNER, ESQ.
    BONNER & BONNER     A. CABRAL BONNER, ESQ.
Attorneys for Plaintiff
475 Gate 5 Road, Suite 211
Sausalito, California 94965

RYDER LAW FIRM          JESSE P. RYDER, ESQ.
Attorneys for Plaintiff
6739 Myers Road
East Syracuse, New York 13257

CASE LAW LTD.           JEFFREY LOUIS
Attorneys for Plaintiff         MENDELMAN, ESQ.
580 California Street 12th Floor
San Francisco, California 94104

HANCOCK ESTABROOK, LLP   JOHN G. POWERS, ESQ.
Attorneys for Defendants     MARY L. D'AGOSTINO, ESQ.
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202

CITY OF SYRACUSE CORPORATION         SARAH MAE
    COUNSEL                                            KNICKERBOCKER, ESQ.
Attorneys for Defendants
233 East Washington Street
Room 300 City Hall
Syracuse, New York 13202

CITY OF SYRACUSE LAW                 TODD M. LONG, ESQ.
    DEPARTMENT
Attorneys for Defendants
233 East Washington Street
300 City Hall
Syracuse, New York 13202

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

On December 4, 2020, plaintiff Shaolin Moore ("Moore" or "plaintiff") filed the present complaint against the City of Syracuse ("Syracuse" or the "City"), its Chief of Police Kenton T. Buckner, two hundred Doe defendants, and three police officers: Lieutenant Geno Turo ("Turo"), Officer Christopher Buske ("Buske"), and Officer Leonard Brown ("Brown").  That entire coterie of defendants moved in part under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss plaintiff's complaint on June 8, 2021.

The Court granted that motion on September 2, 2021 (the "September 2 decision"), in part for reasons raised by the motion and in part based on defects in the complaint that the Court noticed on its own.  As a consequence,

2

the only remaining defendants are Syracuse, Turo, Buske, and Brown (together "defendants").

On September 16, 2021, they moved for reconsideration of the September 2 decision under Local Rule for the Northern District of New York 60.1.  To their minds, the Court improperly neglected defendants' arguments that the excessive force claim against Turo should be dismissed for failure to allege personal involvement.

A movant faces a "strict" standard on a motion for reconsideration. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  That high bar is intended to prevent parties from chasing rehearing on the merits to levy facts and arguments that were available to them from the outset but that they neglected to use to their advantage.  *See id.*  That is to say, motions for reconsideration are an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Montblanc-Simplo GmbH v. Colibri Corp.*, 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010).

Thus, a prior ruling will only be reconsidered and vacated if:  (1) the law has changed since that ruling was first issued; (2) new evidence not previously available comes to light; or (3) reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice.  *Delaney v.*

*Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983), *cert. denied*, 464 U.S. 864).

As defendants would have it, the Court's failure to dismiss the excessive force claims against Turo was either a "clear error of law" or a "manifest injustice." *Delaney*, 899 F. Supp. at 925. To their point, the complaint's allegations against Turo are scant, to say the least. As defendants correctly point out, the first mention of Turo in the narrative portion of Moore's complaint comes when Turo approaches plaintiff and reaches into his pocket as part of a search. Dkt. 1 ("Compl."), ¶ 14. That encounter comes well after plaintiff claims he was subjected to excessive force. *See id.* ¶ 13 (alleging use of excessive force by defendants Buske and Brown).

Even so, the Court was of course obliged to read the complaint in the light most favorable to Moore in the context of a motion to dismiss under Rule 12(b)(6). *Ginsburg v. City of Ithaca*, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012). And one species of an excessive force claim is a failure to intervene to prevent another officer's use of excessive force. *See Jackson v. Tellado*, 295 F. Supp. 3d 164, 174 (E.D.N.Y. 2018) (describing elements of claim for excessive force under "failure to intervene theory"). A defendant fails to intervene if he: (1) observed or had reason to know of the violation; and (2) had a realistic opportunity to intervene to prevent the violation from occurring; but (3) he failed to prevent it. *See id.* at 174.

4

The complaint is silent as to when, precisely, Turo arrived on the scene. *See generally* Dkt. 1, ¶¶ 13-14.  However, in Moore's response in opposition to defendants' motion for reconsideration, he acknowledges that Turo arrived only after the other defendants allegedly used excessive force against him. Dkt. 38, p. 11.  Under plaintiff's own theory of the facts, then, Turo was not present for the use of force and by extension could not have had a realistic opportunity to prevent it.  *Tellado*, 295 F. Supp. 3d at 174.

In other words, even assuming that Moore could have pled failure to intervene as part of his excessive force claim against Buske and Brown without breaking it out into a separate count, he has effectively acknowledged that that claim would fail.  Accordingly, the Court is satisfied that allowing plaintiff's claim to proceed despite his admission that he has not alleged the facts necessary for it to proceed would amount to a manifest injustice.  *Delaney*, 899 F. Supp. at 925.  Defendants' motion for reconsideration must be granted.

Therefore, it is

ORDERED that

1. Defendants' Motion to Reconsider this Court's September 2, 2021 memorandum-decision and order is GRANTED; and

2. Plaintiff Shaolin Moore's Count I claim for excessive force against defendant Lieutenant Geno Turo is DISMISSED.

5

IT IS SO ORDERED.


Dated:  October 26, 2021
        Utica, New York.

David N. Hurd
U.S. District Judge