UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAOLIN MOORE,

    Plaintiff,

   -v-        5:20-CV-1641

CITY OF SYRACUSE, POLICE
OFFICER CHRISTOPHER BUSKE,
POLICE OFFICER LEONARD BROWN,
and LIEUTENANT GENO TURO,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF<br> BONNER & BONNER<br>Attorneys for Plaintiff<br>475 Gate 5 Road, Suite 211<br>Sausalito, California 94965 | CHARLES A. BONNER, ESQ.<br>A. CABRAL BONNER, ESQ. |
| RYDER LAW FIRM<br>Attorneys for Plaintiff<br>6739 Myers Road<br>East Syracuse, New York 13257 | JESSE P. RYDER, ESQ. |
| HANCOCK ESTABROOK, LLP<br>Attorneys for Defendants<br>1800 AXA Tower I<br>100 Madison Street<br>Syracuse, New York 13202 | JOHN G. POWERS, ESQ.<br>MARY L. D'AGOSTINO, ESQ. |
| CITY OF SYRACUSE<br> LAW DEPARTMENT<br>City Hall Room 300 | TODD M. LONG, ESQ.<br>SUSAN R. KATZOFF, ESQ.<br>DANIELLE PIRES, ESQ. |

- 2 -

233 East Washington Street
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

## **I. INTRODUCTION**

On December 4, 2020, plaintiff Shaolin Moore ("Moore" or "plaintiff") filed this 42 U.S.C. § 1983 action alleging that defendants the City of Syracuse (the "City"), Chief of Police Kenton Buckner ("Chief Buckner"), Police Officer Christopher Buske ("Officer Buske"), Police Officer Leonard Brown ("Officer Brown"), Lieutenant Geno Turo ("Lt. Turo"), and 200 Does violated his civil rights when he was arrested during a traffic stop in May, 2019.

On June 8, 2021, the City, Chief Buckner, Officer Buske, Officer Brown, and Lt. Turo moved under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the majority of Moore's claims and to order Moore to replead his remaining claims to conform to Rule 8 or to strike certain portions of the complaint pursuant to Rule 12(f).  Dkt. No. 18.  That motion was granted in part on September 2, 2021, and Chief Buckner and the 200 Does were dismissed from the suit.[1]  Dkt. No. 30.

---

[1] The Memorandum-Decision and Order denied the movants' request to order Moore to replead his surviving claims or to strike certain portions of the complaint pursuant to Rule 12(f).  Dkt. No. 30.

At that time, the City, Officer Buske, Officer Brown, and Officer Turo (collectively "defendants") were instructed to answer plaintiff's remaining § 1983 claims for excessive force, false arrest, unlawful search of Moore's person, unlawful search of Moore's vehicle, deliberate indifference to a serious medical need, and municipal liability. Dkt. No. 30. Defendants answered on October 4, 2021.[2] Dkt. No. 37.

On October 16, 2023, defendants moved under Rule12(c) for a partial judgment on the pleadings to dismiss plaintiff's § 1983 false arrest claim. Dkt. Nos. 110, 111. The motion has been fully briefed and will be considered without oral argument. Dkt. Nos. 115, 119.

## II. BACKGROUND

The relevant facts in this case have been discussed at length in the prior Memorandum-Decision and Order issued on September 2, 2021. Mem. Decision and Order at 3–9.[3] Briefly stated, however, Officer Buske and Officer Brown (the "Officers") stopped Moore while he was driving through Syracuse, citing the excessive volume of his car stereo. Compl. ¶¶ 12–13. The Officers then removed plaintiff from his car, arrested him, conducted a search his person, conducted a search of his car, and towed his car. *Id*. ¶¶

---

[2] Defendants answered Moore's excessive force claim brought against Lt. Turo, however, on October 26, 2021, defendants' outstanding motion for reconsideration was granted and Moore's excessive force claim against Lt. Turo was dismissed. Dkt. Nos. 31, 42.

[3] Pagination corresponds to CM/ECF.

13–14. Plaintiff was later convicted of "Sound Reproduction" under Syracuse Noise Control Ordinance § 40-16 after entering a plea of guilty and paying a $75.00 fine on December 9, 2019.[4]  Defs.' Mem., Dkt. No. 111 at 2.

### III. **LEGAL STANDARD**

"To survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Matzell v. Annucci*, 64 F.4th 425, 433 (2d Cir. 2023) (quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

In deciding the motion, the court may consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quotation omitted).

---

[4] Defendants have appended Moore's Certificate of Disposition for his conviction to their motion papers.  Ex. A to Defs.' Not. of Motion, Dkt. No. 110-2 at 1.  As this is a public record, judicial notice of this fact is proper pursuant to Federal Rule of Evidence 201(b)(2).  Fed. R. Evid. 201(b)(2); *see, e.g.*, *Wahid v. Mogelnicki*, 406 F. Supp. 3d 247, 248 n.2 (E.D.N.Y. 2017) (taking judicial notice of plaintiff's Certificate of Disposition); *Smith v. Rossini*, 2020 WL 9816016, at *2 n.4 (E.D.N.Y. Nov. 30, 2020) (collecting cases).

## IV. **DISCUSSION**

Defendants have moved to dismiss Moore's § 1983 false arrest claim and related municipal liability claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Defs.' Mem. at 5. Defendants argue that Moore's subsequent conviction is conclusive proof that there was probable cause to arrest him and bars these claims as a matter of law. *Id.* at 5–7.

To bring a false arrest claim under § 1983, Moore must plausibly allege that the Officers "intentionally confined him without his consent and without justification." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *LaFever v. Clarke*, 525 F. Supp. 3d 305, 329 (N.D.N.Y. 2021). An arrest is justified when it is predicated upon probable cause. *Weyant*, 101 F.3d at 852 (citation omitted). "Probable cause to arrest exists if an arresting officer has actual knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Grytsyk v. Morales*, 527 F. Supp. 3d 639, 647 (S.D.N.Y. 2021) (internal quotation marks omitted) (quoting *Weyant*, 101 F.3d at 852).

As relevant here, a subsequent conviction generally bars a § 1983 false arrest claim.[5]  *Weyant*, 101 F.3d at 852 (quotation omitted) ("If, following the arrest, the plaintiff was convicted of the charges against him, that conviction normally would be conclusive evidence of probable cause . . . if the conviction survives appeal."); *Cameron*, 806 F.2d at 388–89 ("[W]here law enforcement officers have made an arrest, the resulting conviction is a defense to a § 1983 action asserting that the arrest was made without probable cause."); *Roundtree v. City of N.Y.*, 778 F. Supp. 614, 619 (E.D.N.Y. 1991) ("[A] Section 1983 claim predicated on an arrest without probable cause is absolutely barred if the plaintiff was convicted of the offense for which he was arrested.").

Why?  Because § 1983 false arrest claims by their very nature challenge the validity of the arrest, or, whether there was probable cause to make the arrest in the first place.  *Cameron*, 806 F.2d at 387.  It follows that a subsequent, valid conviction stemming from that arrest forecloses such a challenge.  *Id.* at 387 ("This rule . . . constitutes a refusal as a matter of principle to permit any inference that the arrest of a person thereafter adjudged guilty had no reasonable basis.").

---

[5] This rule is born of the common law rule that a plaintiff may not recover civil damages for a false arrest claim if they are subsequently convicted. *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986), *cert. denied*, 481 U.S. 1016 (1987) (citing *Broughton v. State*, 37 N.E.2d 310 (N.Y.), 458, *cert. denied*, 423 U.S. 929 (1975)).

This rule sweeps broadly and encompasses convictions for even non-criminal offenses like the conviction at issue in this case.[6]  Lower courts have routinely recognized that subsequent non-criminal convictions establish conclusive proof of probable cause even where the plaintiff pleads guilty to a lesser charge than they were arrested for and even where the subsequent conviction is born of an administrative agency's determination.  *See Crawley v. City of Syracuse*, 2018 WL 3716782, at *2–3 (N.D.N.Y. Aug. 3, 2018) (dismissing plaintiff's § 1983 false arrest claim because he was subsequently convicted of a lesser charge); *Negrito v. Buonaugurio*, 2019 WL 13422448, at *2 (W.D.N.Y. Sept. 16, 2019), *aff'd*, 836 F. App'x 36, 38 (2d Cir. 2020) (summary order) (holding that plaintiff was barred from pursuing a § 1983 false arrest claim because of his conviction by the Traffic Violations Agency); *see also Erwin v. Russi*, 1998 WL 474096, at *5 (S.D.N.Y. Aug. 11, 1998) (collecting New York state-court cases).

Measured against this standard, Moore's subsequent conviction establishes conclusive probable cause to arrest him.  The complaint alleges that Moore was arrested by the Officers for playing loud music from his car

---

[6] Moore's Certificate of Disposition indicates that the charge weight for "Sound Reproduction" is "V," which refers to a violation.  Ex. A to Defs.' Not. of Motion at 1.  Under New York law, violations are not *crimes* within the meaning of the Penal Law.  *Compare* N.Y. Penal Law § 10.00(6) (defining "crime" as a "felony or misdemeanor"), *with* N.Y. Penal Law § 10.00(3) (defining "violation" as "an offense, other than a 'traffic infraction,' for which a sentence to a term of imprisonment in excess of fifteen days cannot be imposed").

stereo. Compl. ¶ 12. After his arrest, plaintiff entered a plea of guilty and was convicted of "Sound Reproduction," a violation of the Syracuse Noise Control Ordinance Section 40-16. Ex. A to Defs.' Not. of Motion at 1. Further, Plaintiff has not indicated in his complaint or in his opposition papers that his conviction has been appealed or is otherwise invalid.

Therefore, Moore's subsequent conviction is conclusive evidence of probable cause and bars his § 1983 false arrest claim as a matter of law. Accordingly, defendants' motion to dismiss plaintiff's § 1983 false arrest claim must be granted.

Defendants further argue that dismissal of Moore's § 1983 false arrest claim warrants partial dismissal of his derivative claim for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Defs.' Mem. at 5–7. Defendants argue that *Monell* liability requires an underlying constitutional violation and that absent a viable § 1983 false arrest claim plaintiff may not establish municipal liability on that basis. *Id.*

Upon review, defendants are correct. "*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006) (collecting cases). In short, there can be no municipal liability

against the City absent an underlying constitutional violation by one of the arresting officers in this case. *Id.* Therefore, plaintiff's *Monell* claim against the city based on his false arrest claim must be dismissed.

This is not to say, however, that Moore's *Monell* claim stemming from his excessive force claim against defendants is somehow rejected. Rather, plaintiff's conviction for the noise violation only precludes him from bringing a related *Monell* claim against the City for their alleged failure to train, or their policies or customs that it sanctioned that led to his *false arrest*.

## V. <u>CONCLUSION</u>

Moore's conviction establishes probable cause and in effect, has squelched his § 1983 false arrest claim and related municipal liability claim under *Monell*. Accordingly, defendants' motion for partial judgment on the pleadings pursuant to Rule 12(c) must be granted. Plaintiff's § 1983 claim for excessive force, unlawful search of Moore's person, unlawful search of Moore's vehicle, deliberate indifference to a serious medical need, and municipal liability based on his excessive force claim will proceed to discovery.

Therefore, it is

ORDERED that

1. Defendants' motion for partial judgment on the pleadings is GRANTED;

2. Plaintiff's § 1983 false arrest claim is DISMISSED; and

3. Plaintiff's *Monell* claim for false arrest is DISMISSED.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: January 12, 2024
Utica, New York.